PROVIDED TO
Century C.I.

MAR 16 2020

FOR MAILING
RECEIVED BY

Rodney Craig Mountjoy
Plaintiff,

V.

Centurion of Florida,
Dr. Laubaugh,
F. Denmark
Defendants,

Case No. 3:20cv4685LC/EMT

4:20 cv 4685LC/EMT

1983 motion

**Basis for Jurisdiction of the complaint**

The motion comes before the court on the 17th of February 2020, by action of pro-sé, under 42 U.S.C.S. § 1983. That you may sue state, or local officials for deprivation of any right, privileges, or immunities secured by the constitution. Malice act § 1343(a)(2) - To recover damages from any person who fails to prevent, or aid in preventing any wrong mentioned in section 1985, in section 1985 of title 42, which he had knowledge were about to occur and power to prevent.

FILED USDC FLND TL
MAR 11 '20 PM 12:17

-A-

# Cited Cases

page

1. Ancata v. Prison Health Serv. Inc., 769 ......... 2
F. 2d, 700, 704 (11th Cir. 1985)

2. William Cox v. Mass. D.O.C. (2018 U.S.), Lexis ......... 4
5548Z civil action no. 13-10379 F.D.S.

3. Farmer, 511 U.S. 834, 114 s.ct. (1977) ......... 4

4. Farrow v. West, 320 F. 2d, 1235, 1242 ......... 4
(11th Cir. 2003)

5. Farmer v. Brennan, 511 U.S. 825, 832, 114 s.ct. ......... 5
(1970, 1976) 1281 Ed. 2d. 811 (1994)

6. Wright v. Wynn, 682 so. 2d. 1, 2 (Ala. 1996) ......... 5

7. Estelle v. Gamble, 429 U.S. 1066, 97 s.ct. 285 (1976) ......... 5, 7

8. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 510 ......... 6
127 s.ct. 1955 167 L. Ed. 2d. 929 (2007)

9. Rodriguez v. Plymonth Ambalance Serv., 517 ......... 6
F. 3d. 816-821 (7th Cir. 2009)

10. Snow v. McDaniel, 681 F. 3d. 978-985 ......... 7
(9th Cir. 2012)

11. West v. Atkins, 487 U.S. 42, 48, 108 s.ct. 2250 ......... 8
101 L. Ed. 2d. 40 (1988)

12. Fuentes v. Wagner, 206 F. 3d. 335 (3d. Cir. 2000) ......... 8

13. Green v. Fla., 667 so. 2d. 756 (1995 Fla.) ......... 8

14. Whitley v. Albers, 475 U.S. 312, 89 L. Ed. 2d. ......... 8
251, 106 s.ct. 1078 (1986)

15. Young, 209 U.S. 123, 52 L. Ed. 714, 28 s.ct. 441 ......... 9
(1908)

16. Pennhurst State Sch. and Hosp. v. Halderman, 465 ......... 9
U.S. 89, 104 s.ct. 900, 79 L. Ed. 2d. 67 (1984)

# Cited Cases

|  | | Page |
|---|---|---|
| 17. | Turkmen v. Hasty, 789 F. 3d. 218, 250 (2d. Cir. 2015) | 9 |
| 18. | Ziglar v. Abbasi, 137 S. Ct. 1843, 198 L. Ed. 2d. 290 (2017) | 9 |
| 19. | Williams v. Priatno, 829 F. 3d. 118 2016 USLX 12775 | 9 |
| 20. | Ross v. Blake, 136 S. Ct. 1850, 1859, 195 L. Ed. 2d. 117 (2016) | 9 |
| 21. | Jackson v. Virginia, 443 U.S. 195, 100 S. Ct. (1979) | 9 |
| 22. | Haybarger V. Lawrence County P. and P., 667 F. 3d. 408; 2012 USLX 1776; 162 no. 10-3916 | 9 |
| 23. | Wiborn v. Rushen, USLX 26810 no. 83-5510 789 F. 2d. 1328 (1986) | 9 |
| 24. | Phillips v. Alleghany, 515 F. 3d. 224, 229 (3d. Cir. 2008) | 9 |
| 25. | Erickson v. Pardue, 551 U.S. 89, 93, 127 S.Ct. 2197, 167 L. Ed. 2d. 1081 (2007) | 9,10 |
| 26. | Graham v. Lewinski, 848 F. 2d. 342, 344 (2d. Cir. 1988 | 10 |
| 27. | Miles, 182 F. 3d. at 1107 (1999 USLX) 18766; 99 | 10 |
| 28. | Calderon (Kelly) 163 F. 3d. at 541 (9th Cir. 1998) | 10 |
| 29. | Irwin v. Department of Veteran Affairs, 498 U.S. 89, 96, 111 S. Ct. 453, 112 L. Ed. 2d. 435 (1990) | 10 |

## Constitutional and Statute
### Law
|   |   | Page |
|---|---|---|
| 1. | 8th and 14th Amendment | 1,4,6, 7 |
| 2. | U.S.C. § 552 (1)(B) | 3 |
| 3. | 42 U.S.C.S. § 1983 | A,6,7,8 |
| 4. | 28 U.S.C. § 1915 A (a) | 6 |
| 5. | Fla. Stat. 944.023 (3)(C) | 8 |
| 6. | D.O.C. chapter 33-602.101 (9) | 8 |

## Exhibits
| 1. | Exhibits of medical grievances and complaint | A |
|---|---|---|
| 2. | Exhibits of charges | C |
| 3. | Exhibits of medical records | E |

## Violation of rights

The Plaintiff's 8th Amend. rights of cruel and unusual punishment occurred, When continued to deny medical treatment to a serious medical need. The neglect has now exacerbated the problem to the level that will shorten Plaintiffs life.

The Plaintiff's 14th Amend. rights of equal protection occurred, When addressing the defendants with problem over and over. Who showed a clear indifference and turned a blind eye to the acknowledgement of the health issues letting them progress, that are guaranteed by law.

## Statement of claim to Grounds

1. The probable cause developed, When the Plaintiff had been placed in confinement eighteen months ago in a cell by himself. The following day the Plaintiff could not stand. Therefore he knew that there, had been something placed in his food. The problem had become so bad that the officers had to carry him from the cell down to the ground floor. The five officers had demanded him to walk. The Plaintiff tries, but his legs gave way with each step and he violently shock with the strange symptoms.

2. The five officers watched the Plaintiff struggle carrying his property that he used as a crutch and then placed into another confinement cell. The problem was accompanied with the symptoms of weakness in the joints, and swelling of the joints, that was followed by extreme pain, as well as the distention of the blood vessels. The Plaintiff then wobbles to the Library and looks up the symptoms that clearly discribe vascultis. The definition can be found in the Motion under exhibit marked E ref, 8.

3. The Plaintiff goes back to population and discovers

that he has to stop eatting the cafeteria food as well. In order for the symptoms to go away that will leave in the same manner that the symptoms had appeared. That starts in the left ankle joint swelling and then to the right ankle. Then travels to the right wrist joint and then back to the left wrist. The Plaintiff requested for medical to check his blood, but to no avail. The statement of this action can be found in the motion under exhibit marked E ref. 3.

4. The medical staff had denounced the problem eventhough the Plaintiff was clearly having problems walking. The evidence of his walking ability can be found in three affidavits in motion under exhibits marked E refs to 2. The Plaintiff testiment is that the treatment, so cursory as to the amount of no treatment at all, it rises to this level cited at: Ancata. V. Prison Health Service Inc., 769 F. 2d. 700, 704 (11th Cir. 1985), delay treatment for an obvious serious medical condition that will exacerbate the medical problem.

5. The Plaintiff has went to sick call seven times for a contact that is stuck in his eye and has caused him a bacteria infection that is probably the bases of the problem. The eye has quit watering over a year ago. The Plaintiff has been denied access to a medical physician for this problem. The Plaintiff went to Doctor Laubaugh for the contact stuck in his eye. The Plaintiff has Keratoconus that has mis-shaped his eye in an egg shape leaving a crevice. upon which it is not uncommon to get a contact stuck in the eye due to the affect of the disease. But because of the mis-shape

of the eye a flat piece of glass will not correct the vision that will not let the Plaintiff see correctly. Therefore contacts are needed in order to totally correct the vision, and not glasses.

6. The Plaintiff goes to the eye doctor on 9-27-17 who drops ten eye drops into Plaintiff's eye declairing that she has irregated the eye. She states that she does not see a contact. The Plaintiff goes back to her one more time addressing the problem. Upon which she briefy searches still seeing nothing and did not have time for the problem. But yet, the Plaintiff's eye has quit watering. The Plaintiff has repeatedly addressed the issue through the grievance procedure to the Health Administator F. Denmark, as well as the prison administation. Both have turned a blind eye to the problem. The evidence can be found in motion under exhibits marked E ref. 2 to 4A. The Plaintiff did continually go to sick call as suggested. But needless to say the problem goes away temporary. Then comes back on a regular bases and still unable to go back to the eye doctor. The Plaintiff only has a pair of canteen glasses to see with and not a pair of contacts, or prescription glasses for the past eighteen months.

7. The Plaintiff did address these issues through the grievance process that can be found in the motion under exhibits marked A ref. 1 to 16. Where a procedural rule was not firmly established and regularly followed. The U.S.C. 8 552 proceedings (1)(B) method by which it fuctions are channeled and requirments of all formal and informal procedures available. Such as the Department of Corrections grievance procedure that will show culpable knowledge and deliberate indifference to the problem. The total denial

-3-

of relief through the grievance procedure cited at: William Cox v. Mass. D.O.C., (2018 U.S. Dist.) Lexis 55482 civil action no. 1310379 F.D.S. The Plaintiff sends a letter to the Chief Health Officer for the D.O.C. that can be found in the motion under exhibit marked A ref.16. The letter unanswered, then goes to sick call four more times and one more at the new facility. The issues have never been addressed and have become worse that clearly shows an indifference towards the Plaintiff's health.

8. Eventhough the problem had subsided when the Plaintiff quits eatting the cafeteria food. The health issues have now left him with a periodic sore throat and rash that has plagued him for months. The Plaintiff then goes back to the Library and looks up the new symptoms that depict rheumatic fever. That will turn into rheumatic heart disease leading to congestive heart failure. The medical staff had a culpable state of mind that a serious medical problem existed cited at: Farmer, 511 U.S. 834, 114 S.Ct. (1977), The medical staff had been confronted directly with the Plaintiff's symptoms and were also notified of the problem through the grievance procedure.

9. The Eight Amendment forbids cruel and unusual punishment cited at: Farrow v. West, 320 F.3d, 1235, 1242 (11th Cir. 2003), Unnecessary and wanton infliction of pain, The denial of medical treatment and continued exposure to the cafeteria food. Even after addressing the issue of the food and requested to be placed on a religious diet that contains sealed foods in order to avoid contaminates, but once again the problem falls on deaf ears.

10. The medical staff's duties are to provide adequate

-4-

medical care cited at: Farmer v. Brennan, 511 U.S. 825, 832, 114 s.ct. (1970, 1976) 128 L. Ed. 2d. 811 (1994), take reasonable measures to guarantee safety of an inmate. To show a deliberate indifference of inadequate medical care can be seen through the neglect, and prevention of being seen by a medical doctor in the amount of 12 times, as well as lack of treatment when seen by Dr. Laubaugh that was not addressed, The §1986 Action for neglect to prevent conspiracy - every person who having knowledge that any wrong conspired to be done - shall be liable to the party injured - may recover not exceeding five thousand dollars therein - shall be sustained which is not commenced within one year after the cause of action has accrued (the denial of treatment still accrues and unable to address medical issues. Medical staff acted in bad faith cited at: Wright v. Wynn, 682 so, 2d. 1, 2 (Ala. 1996), Showing a deliberate indifference cited at: Estelle v. Gamble, 429 U.S. 1066, 97 s.ct. 285 (1976).

11.  Eventhough still charging Plaintiff, but yet denying him access to a doctor. He signed a blank form in order to see the eye doctor. Then called back in to sign another form, in which he does. Then goes to sick call and ask to sign another form the Plaintiff blatantly refused to do, seeing how, it had only been six months and he still has been unable to see the eye doctor, or medical doctor for rheumatic fever. Some of the charges for the services can be found in the motion under exhibits marked C ref. 1 to 6.

12.  The Plaintiff directly speaks to Dr. Lailey Laubaugh one more time, who wants only to address his cholestrol and not the more serious problem at hand. But Dr. Laubaugh continually wanted the Plaintiff to sign another consultant form. The Plaintiff had already

-5-

signed two forms to see the eye doctor and one was still sitting in the medical chart unused in plain view. When the Plaintiff addresses this to the doctor, he said that he had made a mistake on the form. When the doctor leaves the room the Plaintiff inspects the form that was still blank. The Plaintiff refuses to sign anymore forms until seen for the eye problem and fixed.

13.  A non-mentorious claim see 28 U.S.C. § 1915 A(a) any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted. Enough facts to state a claim that is plausible on its face cited at: Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d. 929 (2007). The factual allegations of the pro-se complaint are to be liberally construed Rodriguez v. Plymouth Ambalance Serv, 577 F. 3d. 816–821 (7th Cir. 2009).

14.  To be held liable under 42 U.S.C.S. § a private entity must have acted under the color of state law. It has long been established that there are no respondeat superior liability under 42 U.S.C.S. § 1983. Although this principle typically surfaces in the context of municipal corporations, the same principle has applied to situations where an employer is an individual. The same is true of a private corporation. The acts of a private party are fairly attributable to the state, because the party has acted in concerns with state color.

15.  A state normally can be held responsible for a private decision only when it has exercised coercive power, or has provided such significant encouragement, either overt, or convect, that the choice must in law be deemed to be that of the state.

-6-

The test employed in evaluating the range of circumstances that might constitute state action are described as the symbiotic relationship test, the state command and encouragement test, the joint participation doctrine, and the public function test.

16.  When a physician is employed by the state to provide medical service to state inmates, that physician acts under the color of state law for purpose of 42 U.S.C.S.§ 1983. The physicians conduct in providing medical service, said the U.S. Supreme Court is fairly attributable to the state. Because state controls the medical care of inmate to the exclusion of all other sources and is obligated under the Eight Admendment of the constitution to provide medical. The theory behind the public function test for evaluating state action is that, if the government must satisfy certain constitutional obligations. When it is out of normal by which it functions. The obligations still remain eventhough delegated to the private sector the constitutional responsibility still remains.

17.  The total disregard excluded Plaintiff from the minimal civil measure of life necessities as a result. Defendant's actions deprivation serious enough to exacerbate medical problem to a subjective standard cited at: Snow v. McDaniel, 681 F. 3d. 978, 985 (9th Cir. 2012), Medical provider can be held liable, if their act or omission (were) sufficiently harmful to evidence of deliberate indifference to serious medical needs cited at: Estelle v. Gamble, 429 u.s. 1006, 97 s.ct. 285, 50 L. Ed. 2d. 251 (1976).

18.  The 14 amendment violation that has prevoked

-7-

the 1983 that has alleged named persons
depriving him of state and fedeal rights.
That has caused a deprivation acts under
the color of state cited at: West v. Atkins,
487 u.s. 42, 48, 108 s. ct. 2250, 101L. Ed. 2d.
40 (1988). A convicted but unsentenced inmate
has the same status under the constitution as
a pretrial detainee cited at: Fuentes v. Wagner,
206 F. 3d. 335 (3d. Cir. 2000), the Plaintiff's
conviction is subject to protest under state
law

19.  The Plaintiff had signed a plea-agreement to
the wrong type of drug. The drug had been
presented as a schedule II, but in fact was a
schedule III. The evidence of this fact can be
found in the F.D.L.E. report found in the motion
under exhibit marked E ref. 11 . The court held
that the evidence in a criminal trial were
insufficient to sustain the conviction cited at:
Green v. Fla., 667 so. 2d. 756 (1995 Fla.), Lexis
2040; 20 Fla. L. Wkly. S. 597 no. 85, 113, as well
as Sherman act in breech of contract (has not
been overturned, as of yet). The Punishment
therefore does not present security as issue
cited at: Whitley v. Albers, 475 u.s. 312, 89 L. Ed.
2d. 257, 106 s. ct. 1078 (1986).

20.  The Fla. Stat. 944.023 - Comprehensive correctional
Master plan (3)(c) = provide prison inmate with
proper- medical attention, and also according to
Chapter 33-602.101 (9) - inmate shall be excused
from work because of medical issues. The Plaintiff
has an A-B defibrillator and mechanic heart value
that medical has addressed, but does not openly
acknowledge the issue. The doctrine of ex-parte

-8-

Young (1908) 209 U.S. 123, 52 L. Ed. 714, 28 S. Ct. 441, which held that state officials may be sued in federal court for injuctive relief in order to prevent a continuing violation of federal law. Pennhurst State School and hospital v. Halderman, 465 U.S. 89, 104 S.Ct. 900, 79 L. Ed. 2d. 67 (1984), this case presents the question whether a federal court may award injunctive relief against state officials on the basis of law.

21. The grievances signed and exhibits throughout show a culpable state of mind the exact nature of problem cited at: Turkmen v. Hasty, 789 F. 3d. 218, 250 (2d. Cir. 2015), reversed on the grounds Ziglar v. Abbasi, 137 S. Ct. 1843, 198 L. Ed. 2d. 290 (2017), were aware and had been put on notice, that proceeded as a Bivens claim. The institutional relief was to no avail cited at: Williams v. Priatno, 829 F. 3d. 118; 2016 USLX 12775 docket no. 14-4777, because grievance procedure was unattainable, in such that no inmate could actually use it. Also, Ross v. Blake, 136 S. Ct. 1850, 1859, 195 L. Ed. 2d. 117 (2016).

22. The Plaintiff shows ample documents showing malice actions cited at: Jackson v. Virginia, 443 U.S. 100 S. Ct. 195 (1979), proof beyond reasonable doubt as determined by a rational trier of fact. Cited at: Haybarger v. Lawerence County P. and P., 667 F. 3d. 408; 2012 USLX 1776; 162 no. 10-3916. Pro-se litigants are rarely able to easily investigate cited at: Wiborn v. Rushen, USLX 26810 no 83-550789 F. 2d. 1328 (1986). The court must accept all factual allegations in a complaint as true and take them most favorable to a pro-se plaintiff cited at: Phillips v. Alleghany, 515 F. 3d. 224, 229 (3d. Cir. 2008). Pro-se complaint pleadings that are drafted must be held less stringent than a formal pleadings drafted by lawyers cited at: Erickson v. Pardue, 551 U.S. 89, 93

-9-

127 S. Ct. 2197, 167 L. Ed. 2d. 1081 (2007), Graham V. Lewinski, 848 F. 2d. 342, 344 (2d. Cir. 1988), special solicitude given to pro-sé litigants.

23.   Prisoner's control make it imposible to file a petition on time cited at: Miles, 187 F. 3d. at 1107 quoting Calderon (Kelly) 163 F. 3d. at 541. The Supreme Court echoed this sentiment, ruling out equitable tolling for what is at best a garden variety claim of excusable neglect, Irwin v. Department of Veterans affairs, 498 U.S. 89, 96, 111 S. Ct. 453, 112 L. Ed. 2d. 435 (1990), here the Magistrate Judge properly rejected petitioner's delay notice argument, finding no authority for the proposition that a court document is not effective until a prisoner receives notice of it.

## Conclusion of case

  The medical staff has shown a deliberate indifference towards the Plaintiff. When charging the Plaintiff and then denying him access to a medical doctor for a serious problem that now has exacerbated to an even greater problem, The Plaintiff is an illegal detained prisoner and cannot go somewhere else for medical attention given rise to their standards. The medical staff have the ability to provide medical care that should not be used as a punishment tool and the medical provider should have adequate personnel to establish this. The Plaintiff has been eatting molded bread in order to kill the rheumatic fever, but the homemade penicillin has not totally eliminated the medical problem. Probably due to the over exposure to the illness that now might have turned into rheumatic heart disease. The Plaintiff needs these issues address promptly by a doctor and not games by medical staff, last act E ref. 1, 5-23-19.

-10-

# Relief Sought

If this honorable Judge, so finds that the Plaintiff has been shown a clear deliberate indifference towards the denial of medical treatment that had exacerbated the medical problem. Subjecting the Plaintiff to an even more serious medical problem from the neglect.

1) Therefore subjecting the provider and named staff members liable for health issues developed through the neglect subjecting treatment to injuctive relief of medical issue to be addressed, by an outside source. Seeing how the problem had been addressed, as a punishment tool.

2) Therefore leaving Defendants liable of the 14th Amendment violation of equal protection under the law and subject to statory damages.

3) Therefore leaving Defendants liable of the 8th Amendment violation of cruel and unusual punishment under the law and subject to statory damages.

4) tort damages - tongable and intangible harm to person.

5) punitive damages - claimed damages

6) lawful damages and pro-sé fee of 150 hrs.

7) pecuniary damages - that can be estimated in monitarily comp.

8) non-pecuniary damages - cannot be measured in money.

9) discretionary damages - by jury for mental anguish or pain.

10) proximate damages - reasonable foreseeable harm result from act.

11) accumulative damages - statory under common law.

12) hedonic damages - loss of pleasure of being alive.

13) future damages - projected medical.

14) uncertain damages - not clearly a result of a wrong.

15) enhance damages - 2 or 3 times the amount

Certificate of Service

I hereby certify that a copy of the foregoing motion has been sent by the United States mail to the named defendants at: Centurion of Florida 1593 Springhill Rd., Suite 600 Vienna, Va. 22182 — Dr. Laubaugh and F. Denmark at: 8501 Hampton Springs Rd. Perry, Fl. 32348-8747, on 17th of February 2020, and Attorney General at: 444 Seabreeze Blvd, 5th floor Daytona Beach, Fl. 32118,

signed,
Rodney Craig Mountjoy

Certificate of Notary

Before me undersigned authority on this day that has personally appeared Rodney Craig Mountjoy. Who first being sworn in, says that he is the Plaintiff in the above said motion. Declaring that the facts as well as the matters are true and correct.

State of Florida,
County of Escambia

signed,
Rodney Craig Mountjoy

Rodney Craig Mountjoy
X26480
Century C.I.
400 Tedder Rd.
Century, Fl.
32535

Sworn to and subscribed before me on the day of February , 2020.

TAWINA DIXON
MY COMMISSION # GG 021571
EXPIRES: August 15, 2020
Bonded Thru Budget Notary Services

Notary of Public, State of Florida My commission expires
8/15/20

Exhibit A ref. 1 to 1:6
Rule 7(a) desination (i) (a)
Complaint, medical Grievances
11th U.S. Northern District court
of Florida

file no.

# INMATE REQUEST

Mail Number: _____
Team Number: _____
Institution: _____

224-1805-0047

Exhibit A ref 1

| TO: (Check One) | ☐ Warden ☐ Asst. Warden | ☐ Classification ☐ Security | ☑ Medical ☐ Mental Health | ☐ Dental ☐ Other |

| FROM: | Inmate Name | DC Number | Quarters | Job Assignment | Date |
|---|---|---|---|---|---|
| | Rodney Craig Mountjoy | X76480 | Q1-111 | Electrician | 5-8-18 |

## REQUEST                                    Check here if this is an informal grievance ☑

I have a contact stuck in my eye for the past 18 months and have been seen six times for this problem. The right eye is blurred in vision and has quiet watering ten months ago. I have had a sinus problem periodically the past 18 months. The hearing in my right ear is demitted from sound. I would like some medical attension for this problem.

                                        Thanks,

All requests will be handled in one of the following ways: 1) Written Information or 2) Personal Interview. All informal grievances will be responded to in writing.

| Inmate (Signature): Rodney Craig Mountjoy | DC#: X76480 |

---

### DO NOT WRITE BELOW THIS LINE

## RESPONSE                                    DATE RECEIVED: _____

You were seen by the optometrist on 9/27/17, an eye exam was completed and it was noted that there were no foreign objects noted in your eyes. All other issues, may be addressed in sick call.

[The following pertains to informal grievances only:]

Based on the above information, your grievance is __Denied__. (Returned, Denied, or Approved). If your informal grievance is denied, you have the right to submit a formal grievance in accordance with Chapter 33-103.006, F.A.C.                    5/14/18

| Official (Print Name): F. Denmark | Official (Signature): F Denmark | Date: |

**RECIEVED**

MAY 10 2018

Taylor C.I. Asst. Warden's Offic

Original: Inmate (plus one copy)
CC: Retained by official responding or if response is to an informal grievance then forward to be placed in inmate's file
Health Services Administrator

This form is also used to file informal grievances in accordance with Rule 33-103.005, Florida Administrative Code.

Informal Grievances and Inmate Requests will be responded to within 10 days, following receipt by staff.
You may obtain further administrative review of your complaint by obtaining form DC1-303, Request for Administrative Remedy or Appeal, completing the form as required by Rule 33-103.006, F.A.C., attaching a copy of your informal grievance and response, and forwarding your complaint to the warden or assistant warden no later than 15 days after the grievance is responded to. If the 15th day falls on a weekend or holiday, the due date shall be the next regular work day.

DC6-236 (Effective 12/14)

Incorporated by Reference in Rule 33-103.005, F.A.C.

7X medical

**STATE OF FLORIDA**
**DEPARTMENT OF CORRECTIONS**

**INMATE REQUEST**

Mail Number: _____
Team Number: _____
Institution: _____

224-1807-0024

| TO: (Check One) | ☐ Warden ☑ Asst. Warden | ☐ Classification ☐ Security | ☑ Medical ☐ Mental Health | ☐ Dental ☐ Other |
|---|---|---|---|---|

| FROM: | Inmate Name Rodney Craig Mountjoy | DC Number X76480 | Quarters M1-143S | Job Assignment Electrician | Date 6-28-18 |
|---|---|---|---|---|---|

**REQUEST**                                         Check here if this is an informal grievance ☑

I requested Medical to check my blood
system to find out why I am having trouble walking
with burning of lower joints and ridgetness of
limbs. Along with weakness of both legs their
incompetence show that their trying to hide whats
in My system. May I have my blood check and sent to
outside lab testing

All requests will be handled in one of the following ways: 1) Written Information or 2) Personal Interview. All informal grievances will be responded to in writing.

Inmate (Signature): _Rodney C Mountjoy_          DC#: 6/28/18

DO NOT WRITE BELOW THIS LINE

**RESPONSE**                    DATE RECEIVED: _Received in Medical_
JUL 11 2018
Centurion of FL

Treatment is provided at the discretion
of the provider, this includes lab testing.
You may access sick call to discuss your
request with nursing.

[The following pertains to informal grievances only:]
Based on the above information, your grievance is Denied. (Returned, Denied, or Approved). If your informal grievance is denied, you have the right to submit a formal grievance in accordance with Chapter 33-103.006, F.A.C.

Official (Print Name): F. Denmark
Health Services Administrator
Taylor Correctional Institution

Official (Signature): _F Denmark_    RECIEVED  7/12/18 @ 1121

Original: Inmate (plus one copy)
CC: Retained by official responding or if the response is to an informal grievance then forward to be placed in inmate's file.
This form is also used to file informal grievances in accordance with Rule 33-103.005, Florida Administrative Code.

JUL 06 2018
Taylor C.I. Asst. Warden's Office

Informal Grievances and Inmate Requests will be responded to within 10 days, following receipt by staff.
You may obtain further administrative review of your complaint by obtaining form DC1-303, Request for Administrative Remedy or Appeal, completing the form as required by Rule 33-103.006, F.A.C., attaching a copy of your informal grievance and response, and forwarding your complaint to the warden or assistant warden no later than 15 days after the grievance is responded to. If the 15th day falls on a weekend or holiday, the due date shall be the next regular work day.

DC6-236 (Effective 12/14)                    Incorporated by Reference in Rule 33-103.005, F.A.C.

Exhibit (ref 2)  no glasses sorry for the writen.

**FLORIDA DEPARTMENT OF CORRECTIONS**

**REQUEST FOR ADMINISTRATIVE REMEDY OR APPEAL**

1807-218-093

☐ **Third Party Grievance Alleging Sexual Abuse**

TO: ☑ Warden          ☐ Assistant Warden          ☐ Secretary, Florida Department of Corrections

From or **IF Alleging Sexual Abuse**, on the behalf of:

Mountjoy    Rodney    Craig          X26480          Taylor Annex C.I
Last          First          Middle Initial          DC Number          Institution

Exhibit A ref 2

| Part A – Inmate Grievance |
| --- |

I would like to
see a Medical Doctor for my condition in my
legs. I have been seen by Medical three times
and the nurse said that there is nothing
wrong, but yet. The joints in my body give
way. The ankles and knees both, when I took
Neuroten, or Lyrica I experianced these same
effects. These drugs are a narcotic and
should not be in my system. They cause a
server pain that creates a type of fiber
Aeufatga. These drugs, also can lead up
to stroke, or heart-attack that is why the
levels are monitored by regular blood work.
I do not want to see a Nurse Practioner.
I would like to see a Medical Doctor. Thanks
for your time in this matter

## PART B - RESPONSE

| MOUNTJOY, RODNEY | X76480 | 1807-218-093 | TAYLOR ANNEX | M1143S |
|---|---|---|---|---|
| NAME | NUMBER | FORMAL GRIEVANCE LOG NUMBER | CURRENT INMATE LOCATION | HOUSING LOCATION |

Your request for Administrative Remedy or Appeal was received, reviewed and evaluated.

You already have a follow up appointment pending with the provider to discuss these issues.

Therefore, based on the above information your request for Administrative Remedy or Appeal is denied.

You may obtain further administrative review of your complaint by obtaining form DC1-303, Request for Administrative Remedy or Appeal, completing the form, providing attachments as required by Chapter 33-103.007(3) (a) and (b), and forwarding your complaint to the Florida Department of Corrections 501 South Calhoun St. Tallahassee, FL 32399.

Richard Laubaugh
Chief Health Officer

Christopher Edelen
Warden

| SIGNATURE AND TYPED OR PRINTED NAME OF EMPLOYEE RESPONDING | SIGNATURE OF WARDEN, ASST. WARDEN, OR SECRETARY'S REPRESENTATIVE | 7/31/16 DATE |
|---|---|---|



MAILED
8-1-18

**FLORIDA DEPARTMENT OF CORRECTIONS**

**REQUEST FOR ADMINISTRATIVE REMEDY OR APPEAL**

1808-218-076

☐ **Third Party Grievance Alleging Sexual Abuse**

TO: ☑ Warden   ☐ Assistant Warden   ☐ Secretary, Florida Department of Corrections

From or **IF Alleging Sexual Abuse**, on the behalf of:

Mountroy Rodney C     X76480     Taylor Annex C.I.

Last   First   Middle Initial     DC Number     Institution

Exhibit A ref5

---

**Part A – Inmate Grievance**

Why am I being charged medical when the first one is for a contact that has been stuck in me eye for two years and have been seen numerous times and nothing has been done. The other two are from a medication in my system that my medical record clearly states that I cannot take this narcotic because of the adverse effects that it creates. Medical never even checked my blood pressure much less took my blood to check what it consisted of.



## PART B - RESPONSE

| **MOUNTJOY, RODNEY** | X76480 | 1808-218-076 | **TAYLOR ANNEX** | **M1143S** |
|---|---|---|---|---|
| NAME | NUMBER | FORMAL GRIEVANCE LOG NUMBER | CURRENT INMATE LOCATION | HOUSING LOCATION |

Your request for Administrative Remedy or Appeal was received, reviewed and evaluated.

In your request for administrative remedy or appeal you grieved a copayment.

Your grievance has been reviewed and considered, and your record reviewed.

Review of your record reveals that you were charged appropriately. All inmate self-initiated sick call visits that are determined to be of a non-emergent nature will incur a co-payment including requests for medications and pass renewals. A pre-existing or continuing condition does not carry any relevancy under the Rule. This practice is in keeping the Florida Statues.

Therefore based on the above information your request for Administrative Remedy or Appeal is denied.

You may obtain further administrative review of your complaint by obtaining form DC1-303, Request for Administrative Remedy or Appeal, completing the form, providing attachments as required by Chapter 33-103.007(3)(a) and (b), and forwarding your complaint to the Florida Department of Corrections 501 South Calhoun St. Tallahassee, FL 32399.

Richard Laubaugh
Chief Health Officer

Christopher Edelen
Warden

| SIGNATURE AND TYPED OR PRINTED NAME OF EMPLOYEE RESPONDING | SIGNATURE OF WARDEN, ASST. WARDEN, OR SECRETARY'S REPRESENTATIVE | 8/20/18 |
|---|---|---|
| | | DATE |

**MAILED**
8-22-18

Medical

**FLORIDA DEPARTMENT OF CORRECTIONS**

**REQUEST FOR ADMINISTRATIVE REMEDY OR APPEAL**

RECEIVED

AUG 21 2018

Bureau of Corrections
Inmate Grievance Appeals

Exhibit A pg 7

☐ **Third Party Grievance Alleging Sexual Abuse**

TO: ☐ Warden  ☐ Assistant Warden  ☑ Secretary, Florida Department of Corrections

From or **IF Alleging Sexual Abuse**, on the behalf of:

| Mountjoy Rodney C. | X76480 | Taylor Annex C. I. |
|---|---|---|
| Last   First   Middle Initial | DC Number | Institution |

**Part A – Inmate Grievance**

18-6-35234

MAIL FILED

I would like to see a Medical Doctor for my condition in my legs. I have been seen by Medral three times and the nurse said that there is nothing wrong, but yet. The joints in my body give way. The ankles and knees both swell this has previously occurred when taken Neurotten, or Lyrica. I have experianced these same effects because of these drugs that are a norcotic and should not be in my system. They cause server pain that create a type of fiber-Myalgia. These drugs also can lead-up to a stroke, or heart-attack that is why the levels are monitored by regular blood work. I am still having these symtems.

SEP 2 6 2018

Bureau of Corrections
Appeals

PART B - RESPONSE

| MOUNTJOY, RODNEY | X76480 | 18-6-35234 | TAYLOR ANNEX | M1143S |
|---|---|---|---|---|
| NAME | NUMBER | GRIEVANCE LOG NUMBER | CURRENT INMATE LOCATION | HOUSING LOCATION |

Appeal Denied:

Your request for administrative remedy was received at this office and it was carefully evaluated. Records available to this office were also reviewed.

It is determined that the response made to you by Dr. Laubaugh on 7/31/18 appropriately addresses the issues you presented.

Reviewed records indicate that you were seen by the physician on 8/9/18.

It is the responsibility of your health care staff to determine the appropriate treatment regimen for the condition you are experiencing, including specialty consults, medication prescriptions, diagnostic testing, lab work, or passes.

Should you experience problems, sick call is available so that you may present your concerns to your health care staff.

CONFIDENTIAL HEALTH RECORD/CARE INFORMATION INTENDED FOR ADDRESSEE(S) ONLY. UNAUTHORIZED RELEASE OR DISCLOSURE MAY VIOLATE STATE AND FEDERAL LAW.

Michelle Schouest, IISC

| SIGNATURE AND TYPED OR PRINTED NAME OF EMPLOYEE RESPONDING | SIGNATURE OF WARDEN, ASST. WARDEN, OR SECRETARY'S REPRESENTATIVE | DATE |
|---|---|---|

Exhibit A ref 8

**FLORIDA DEPARTMENT OF CORRECTIONS**

**REQUEST FOR ADMINISTRATIVE REMEDY OR APPEAL**

1809-218-055

Exhibit A ref. 9

☐ **Third Party Grievance Alleging Sexual Abuse**

TO: ☐ Warden ☑ Assistant Warden ☐ Secretary, Florida Department of Corrections

From or **IF Alleging Sexual Abuse**, on the behalf of:

Mountjoy Rodney Crain    X764680    Taylor Annex C.I.

<u>Last   First   Middle Initial</u>    <u>DC Number</u>    <u>Institution</u>

| Part A – Inmate Grievance |
|---|

Why would I ~~practice~~ sign another consultation sheet for the same purpose, over, and over. What are you trying, too double charge for. you have already seen me four times and the eye doctor twice and nothing has been done. Ten eye drops from an eye Doctor does not constitute the irrigation of an eye. Now, you recharge and try to make me sign another sheet and still you do nothing. Mal, Mal, Mal

**PART B - RESPONSE**

| MOUNTJOY, RODNEY | X76480 | 1809-218-055 | TAYLOR ANNEX | M1143S |
|---|---|---|---|---|
| NAME | NUMBER | FORMAL GRIEVANCE LOG NUMBER | CURRENT INMATE LOCATION | HOUSING LOCATION |

Your Request for Administrative Remedy or Appeal is being returned without processing in accordance to F.A.C. Chapter 33-103.014 (1) (v)..

33-103.014 Reasons for Return of Grievance or Appeal Without Processing.
(1) The informal grievance, formal grievance, direct grievance, or grievance appeal, hereafter referred to as "grievance," may be returned to the inmate without further processing if, following a review of the grievance, one or more of the following conditions are found to exist. The reasons listed below are the only reasons for returning a grievance without a response on the merits.

(v) The inmate is using the grievance process to ask questions or seek information, guidance or assistance.

You may refile this grievance utilizing the proper procedure, if upon receipt of this notification the filing is within the time frame allowable.

Errol Campbell
Regional Medical Director

Christopher Edelen
Warden

| SIGNATURE AND TYPED OR PRINTED NAME OF EMPLOYEE RESPONDING | SIGNATURE OF WARDEN, ASST. WARDEN, OR SECRETARY'S REPRESENTATIVE | 9/27/18 DATE |
|---|---|---|

MAILED
9-28-18

**FLORIDA DEPARTMENT OF CORRECTIONS**

**REQUEST FOR ADMINISTRATIVE REMEDY OR APPEAL**

☐ **Third Party Grievance Alleging Sexual Abuse**

1902-218-001

TO: ☑ **Warden**       ☐ **Assistant Warden**       ☐ Secretary, Florida Department of Corrections

From or **IF Alleging Sexual Abuse**, on the behalf of:

Mountiag Rodney Craig          X76480          Taylor Annex C.I.
Last        First      Middle Initial         DC Number              Institution

Exhibit Area II

---

**Part A – Inmate Grievance**

I would like a simple yes, or no to these grievances to the use of the vaccum tube in order to remove this folded up contact suck in the crevasse of my eye.

*Exhibit ref.12*

**PART B - RESPONSE**

| MOUNTJOY, RODNEY | X76480 | 1902-218-001 | TAYLOR ANNEX | M1143S |
|---|---|---|---|---|
| NAME | NUMBER | FORMAL GRIEVANCE LOG NUMBER | CURRENT INMATE LOCATION | HOUSING LOCATION |

CONFIDENTIAL HEALTH RECORD/ CARE INFORMATION INTENDED FOR ADDRESSEE(S) ONLY. UNAUTHORIZED RELEASE OR DISCLOSURE MAY VIOLATE STATE OR FEDERAL LAW

Your Request for Administrative Remedy or Appeal is being returned without processing in accordance to F.A.C. Chapter 33-103.014 (1) (v)..

33-103.014 Reasons for Return of Grievance or Appeal Without Processing.
(1) The informal grievance, formal grievance, direct grievance, or grievance appeal, hereafter referred to as "grievance," may be returned to the inmate without further processing if, following a review of the grievance, one or more of the following conditions are found to exist. The reasons listed below are the only reasons for returning a grievance without a response on the merits.

(v) The inmate is using the grievance process to ask questions or seek information, guidance or assistance.

(l) The inmate has used multiple copies of grievance forms rather than attachments as continuation sheets.
Please see grievance #224-1812-0216 #224-1812-0224 #224-1811-0058 #224-1812-0078

You may refile this grievance utilizing the proper procedure, if upon receipt of this notification the filing is within the period allowable.

Richard Laubaugh
Chief of health services

Christopher Edelen, Warden

| SIGNATURE AND TYPED OR PRINTED NAME OF EMPLOYEE RESPONDING | SIGNATURE OF WARDEN, ASST. WARDEN, OR SECRETARY'S REPRESENTATIVE | 2/12/19 |
|---|---|---|
| | | DATE |

**MAILED**
2-12-19

**FLORIDA DEPARTMENT OF CORRECTIONS**

<u>REQUEST FOR ADMINISTRATIVE REMEDY OR APPEAL</u>

1904-218-090

Exhibit Ref. 13

☐ **Third Party Grievance Alleging Sexual Abuse**

TO: ☑ Warden        ☐ Assistant Warden        ☐ Secretary, Florida Department of Corrections

From or **IF Alleging Sexual Abuse**, on the behalf of:

Mountjoy, Rodney C.                    X76480              Taylor Anney C. I
Last    First    Middle Initial                DC Number              Institution

| Part A – Inmate Grievance |
|---|
| I have continually ask to see the Doctor because of displaying the signs of rheumatic fever and have been 4 to 5 times to medical. I had been told that I would be put on the call out but nother ever came of it. |

## PART B - RESPONSE

| MOUNTJOY, RODNEY | X76480 | 1904-218-090 | TAYLOR ANNEX | M1143S |
|---|---|---|---|---|
| NAME | NUMBER | FORMAL GRIEVANCE LOG NUMBER | CURRENT INMATE LOCATION | HOUSING LOCATION |

CONFIDENTIAL HEALTH RECORD/ CARE INFORMATION INTENDED FOR ADDRESSEE(S) ONLY. UNAUTHORIZED RELEASE OR DISCLOSURE MAY VIOLATE STATE OR FEDERAL LAW.

Your request for Administrative Remedy or Appeal was received, reviewed and evaluated.

There is no documentation that you have accessed sick call since 8/6/18. At that visit, you only complained about your eye. You may access sick call for the issue.

Therefore, based on the above information your request for Administrative Remedy or Appeal is denied.

You may obtain further administrative review of your complaint by obtaining form DC1-303, Request for Administrative Remedy or Appeal, completing the form, providing attachments as required by Chapter 33-103.007(3) (a) and (b), and forwarding your complaint to the Florida Department of Corrections 501 South Calhoun St. Tallahassee, FL 32399.

Richard Laubaugh
Chief Health Officer

Christopher Edelen
Warden

| SIGNATURE AND TYPED OR PRINTED NAME OF EMPLOYEE RESPONDING | SIGNATURE OF WARDEN, ASST. WARDEN, OR SECRETARY'S REPRESENTATIVE | 5-1-19 |
|---|---|---|
| | | DATE |

**MAILED**
5-3-19

**FLORIDA DEPARTMENT OF CORRECTIONS**

**REQUEST FOR ADMINISTRATIVE REMEDY OR APPEAL**

1901-218-065

Exhibit A ref. 16

☐ **Third Party Grievance Alleging Sexual Abuse**

TO: ☐ Warden   ☑ Assistant Warden   ☐ Secretary, Florida Department of Corrections

From or **IF Alleging Sexual Abuse**, on the behalf of:

Mountjoy Rodney Craig          X76480          Tagas Annex C.I.
Last    First    Middle Initial          DC Number          Institution

Part A – Inmate Grievance

I have been seen seven times for this perticular
issue and four due to the result stemming from the
prolonged bacterial infection from the contact. That has
not been properly addressed for the past two years.
Medical nor the administration has put forth any effort to
this issue.

OUTGOING LEGAL MAIL
PROVIDED TO TAYLOR C.I. FOR
MAILING ON
11·20·18, mP PM
DATE (MAILROOM-ANNEX) OFFICER INT.

Chief Health Officer,                                    11-19-18

These issue's have been repeatedly addressed and denounced. Eventhough I could not walk! The contact stuck in my eye caused a bacterial infection. And in my medical file tells my allergic reactions that I have been exposed to in the cafeteria. These two problems have caused me to develop Rheumatic fever. I have all the symptoms but there is no use to go to medical here. The damage has already been done at this facility. That will not remove the contact, much less do anything else.

But I would still like to go to a cardiologist due to my prostedic heart valves that maybe damaged, because of the swelling. Because of the prolong and re-occurring vasculitis that has lasted for over four months. When I quit eating in the cafeteria the vasculitis and swelling goes away. When I go back it will begin again. The swelling starts at the left ancle to the right ancle, and then moves to the right hand to the left wrist. I went to the library and looked-up the symptoms and found vasculitis which only accounted for some of the symptoms. But did not realise that it also swells-up the heart as well. So as the conditions became worse I continually dug for information to the condition.

And due to the rash and sore throat found Rhymatic fever that fit all the symptoms to the T. They have changed my A-B defebrillator but yet sabotaged the port-site thereafter, as well as stopped the heart by way of radio wave. All of this type off attack's are discreet

*Exhibit A ref 1B*

Exhibit C : ref. 1 to 6

Rule 7(a) desination(1)(a)

medical charges

11th US. Northern District court

of Florida

file no.

FILED USDC FLND TL
APR 11 '20 AM12:17

Exhibit F

IBSR140 (74)

ACCT NAME: MOUNTJOY, RODNEY C.
BED: Q11111L
PO BOX:

FLORIDA DEPARTMENT OF CORRECTIONS
TRUST FUND ACCOUNT STATEMENT
FACILITY: 224 - TAYLOR ANNEX
FOR: 04/01/2018 - 04/30/2018

ACCT#: X76480
TYPE: INMATE TRUST

05/01/18
08:10:15
PAGE    11

| POSTED DATE | NBR | TYPE | REFERENCE NUMBER | FAC | REMITTER/PAYEE | +/- | AMOUNT | BALANCE |
|---|---|---|---|---|---|---|---|---|
| | | | | | BEGINNING BALANCE 04/01/18 | | | $66.52 |
| 04/01/18 | 051 | CANTEEN SALES | 2182018033I | 000 | | - | $6.25 | $60.27 |
| 04/02/18 | 153 | PROCESSING FEE | WEEKLY DRAW | 000 | | - | $0.28 | $59.99 |
| 04/03/18 | 051 | CANTEEN SALES | 2182018040Z | 000 | | - | $4.92 | $55.07 |
| 04/04/18 | 051 | CANTEEN SALES | 2182018040I | 000 | | - | $7.62 | $47.45 |
| 04/05/18 | 051 | CANTEEN SALES | 2182018040404 | 000 | | - | $5.83 | $41.62 |
| 04/06/18 | 051 | CANTEEN SALES | 2182018040405 | 000 | | - | $4.24 | $37.38 |
| 04/07/18 | 051 | CANTEEN SALES | 2182018040406 | 000 | | - | $13.24 | $24.14 |
| 04/09/18 | 051 | CANTEEN SALES | 2182018040408 | 000 | | - | $10.24 | $13.90 |
| 04/09/18 | 155 | PROCESSING FEE | WEEKLY DRAW | 000 | | - | $0.46 | $13.44 |
| 04/10/18 | 051 | CANTEEN SALES | 2182018040409 | 000 | | - | $6.40 | $7.04 |
| 04/11/18 | 051 | CANTEEN SALES | 2182018040410 | 000 | | - | $7.03 | $0.01 |
| 04/11/18 | 205 | MO (JPAY) | 84470980C | 000 | CONNER, JEANETTE | + | $200.00 | $200.01 |
| 04/11/18 | 206 | PROCESSING FEE | 04111820S5813 | 000 | | - | $0.50 | $199.51 |
| 04/16/18 | 051 | CANTEEN SALES | 2182018041S | 000 | | - | $11.72 | $187.79 |
| 04/16/18 | 153 | PROCESSING FEE | WEEKLY DRAW | 000 | | - | $0.25 | $187.54 |
| 04/17/18 | 051 | CANTEEN SALES | 2182018041I | 000 | | - | $17.01 | $170.53 |
| 04/18/18 | 049 | CANTEEN SALES | 2182018041Z | 000 | | - | $5.47 | $165.06 |
| 04/18/18 | 051 | CANTEEN SALES | 2182018041I | 000 | | - | $27.45 | $137.61 |
| 04/19/18 | 051 | CANTEEN SALES | 2182018041I | 000 | | - | $14.23 | $123.38 |
| 04/20/18 | 051 | CANTEEN SALES | 2182018041I | 000 | | - | $5.00 | $118.38 |
| 04/20/18 | 191 | MEDICAL CO-PAY | 04171810100SC | 000 | | - | $4.33 | $114.05 |
| 04/21/18 | 051 | CANTEEN SALES | 2182018042O | 000 | | - | $12.92 | $101.13 |
| 04/22/18 | 051 | CANTEEN SALES | 2182018042I | 000 | | - | $18.32 | $82.81 |
| 04/23/18 | 051 | CANTEEN SALES | 2182018042Z | 000 | | - | $1.00 | $81.81 |
| 04/23/18 | 153 | PROCESSING FEE | WEEKLY DRAW | 000 | | - | $7.18 | $71.44 |
| 04/24/18 | 051 | CANTEEN SALES | 2182018042I | 000 | | - | $10.37 | $64.33 |
| 04/25/18 | 051 | CANTEEN SALES | 2182018042I | 000 | | - | $1.56 | $62.77 |
| 04/26/18 | 051 | CANTEEN SALES | 2182018042S | 000 | | - | $16.30 | $46.47 |
| 04/27/18 | 051 | CANTEEN SALES | 2182018042I | 000 | | - | $8.54 | $37.93 |
| 04/28/18 | 051 | CANTEEN SALES | 2182018042I | 000 | | - | $4.16 | $33.77 |
| 04/30/18 | 051 | CANTEEN SALES | 2182018042I | 000 | | - | $0.48 | $33.29 |
| 04/30/18 | 151 | PROCESSING FEE | WEEKLY DRAW | 000 | | | | |
| | | | | | ENDING BALANCE 04/30/18 | | | $33.29 |

Exhibit F page 1

Exhibit F page 6

IBSR140 (74)

FLORIDA DEPARTMENT OF CORRECTIONS
TRUST FUND ACCOUNT STATEMENT
FACILITY: 224 - TAYLOR ANNEX
FOR: 06/01/2018 - 06/30/2018

07/02/18
14:13:48
PAGE  518

ACCT NAME: MOUNTJOY, RODNEY C.
BED: M1143S
PO BOX:

ACCT#: X76480
TYPE: INMATE TRUST

| POSTED DATE | NBR | TYPE | REFERENCE NUMBER | FAC | REMITTER/PAYEE | +/- | AMOUNT | BALANCE |
|---|---|---|---|---|---|---|---|---|
| | | | | | BEGINNING BALANCE 06/01/18 | | | $0.00 |
| 06/06/18 | 257 | MEDICAL CO-PAY | 0604181400SC | 000 | | - | $0.00 | |
| | | LIEN CREATED | 06/06/2018 | | 0604181400SC | | | |
| 06/29/18 | 197 | MEDICAL CO-PAY | 0627181115SC | 000 | | - | $0.00 | $0.00 |
| | | LIEN CREATED | 06/29/2018 | | 0627181115SC | | | |
| | | | | | ENDING BALANCE 06/30/18 | | | $0.00 |

| LIEN DATE | TYPE OF LIEN | LIEN FACL | AMOUNT OF LIEN | AMOUNT STILL OWED |
|---|---|---|---|---|
| SUMMARY | PROCESSING FEE | | $0.33 | $0.33 |
| SUMMARY | MEDICAL CO-PAYMENT | | $5.00 | $5.00 |
| 06/06/18 | MEDICAL CO-PAYMENT | 000 | $5.00 | $5.00 |
| 06/29/18 | MEDICAL CO-PAYMENT | 000 | $5.00 | $5.00 |

EXHIBIT 3

IBSR140 (74)

ACCT NAME: MOUNTJOY, RODNEY C.
BED: M1143S
PO BOX:

FLORIDA DEPARTMENT OF CORRECTIONS
TRUST FUND ACCOUNT STATEMENT
FACILITY: 224 - TAYLOR ANNEX
FOR: 09/01/2018 - 09/30/2018

ACCT#: X76480
TYPE: INMATE TRUST

10/01/18
08:03:25
PAGE: 526

| POSTED DATE | NBR | TYPE | REFERENCE NUMBER | FAC | REMITTER/PAYEE | +/- | AMOUNT | BALANCE |
|---|---|---|---|---|---|---|---|---|
| | | | | | BEGINNING BALANCE 09/01/18 | | | $0.00 |
| 09/16/18 | 109 | JPAY DEPOSIT | 90663336 | 000 | CONNER, JEANETTE C. | + | $150.00 | $150.00 |
| 09/16/18 | 110 | LIEN PAYMENT | 09161825531 | 000 | | - | $0.05 | $149.95 |
| 09/16/18 | 110 | LIEN PAYMENT PROCESSING FEE | 09161809531 | 000 | | | | |
| 09/19/18 | 051 | MEDICAL CO-PAY 08/14/2018 | 080618090905C | 000 | | - | $5.00 | $144.95 |
| 09/20/18 | 051 | CANTEEN SALES | 2182018091B | 000 | | - | $40.23 | $104.72 |
| 09/21/18 | 051 | CANTEEN SALES | 2182018091B | 000 | | - | $27.11 | $77.61 |
| 09/22/18 | 051 | CANTEEN SALES | 2182018092O | 000 | | - | $8.41 | $69.20 |
| 09/23/18 | 051 | CANTEEN SALES | 2182018092I | 000 | | - | $1.50 | $67.70 |
| 09/24/18 | 051 | CANTEEN SALES | 2182018092Z | 000 | | - | $2.16 | $65.54 |
| 09/24/18 | 051 | CANTEEN SALES | 2182018092J | 000 | | - | $15.33 | $50.21 |
| 09/24/18 | 151 | PROCESSING FEE | 2182018092I | 000 | WEEKLY DRAW | - | $0.95 | $49.26 |
| 09/24/18 | 212 | LEGAL POSTAGE W | 2018092101 | 000 | | - | $0.50 | $48.76 |
| 09/26/18 | 051 | CANTEEN SALES | 2182018092S | 000 | | - | $17.12 | $31.64 |
| | | | | | ENDING BALANCE 09/30/18 | | | $31.64 |

IBSR140 (74)

ACCT NAME: MOUNTJOY, RODNEY C.
BED: M1143S
PO BOX:

**FLORIDA DEPARTMENT OF CORRECTIONS**
**TRUST FUND ACCOUNT STATEMENT**
FACILITY: 224 - TAYLOR ANNEX
FOR: 01/01/2019 - 01/31/2019

ACCT#: X76480
TYPE: INMATE TRUST

02/01/19
10:30:28
PAGE 70

| POSTED DATE | NBR | TYPE | REFERENCE NUMBER | FAC | REMITTER/PAYEE | +/- | AMOUNT | BALANCE |
|---|---|---|---|---|---|---|---|---|
| | | | | | BEGINNING BALANCE 01/01/19 | | | $60.76 |
| 01/01/19 | 051 | CANTEEN SALES | 2182018 1231 | 000 | | - | $5.28 | $55.48 |
| 01/03/19 | 051 | CANTEEN SALES | 2182019 0102 | 000 | | - | $10.54 | $44.94 |
| 01/03/19 | 228 | JPAY DEPOSIT | 95288200 | 000 | CONNER, JEANETTE C. | + | $175.00 | $219.94 |
| 01/04/19 | 051 | CANTEEN SALES | 2182019 0103 | 000 | | - | $9.04 | $210.90 |
| 01/04/19 | 383 | JPAY MEDIA W/D | 0000045837005 | 000 | | - | $20.00 | $190.90 |
| 01/06/19 | 051 | CANTEEN SALES | 2182019 0105 | 000 | | - | $25.49 | $165.41 |
| 01/07/19 | 155 | PROCESSING FEE | WEEKLY DRAW | 000 | | - | $0.50 | $164.91 |
| 01/07/19 | 051 | CANTEEN SALES | 2182019 0106 | 000 | | - | $20.75 | $144.16 |
| 01/09/19 | 051 | CANTEEN SALES | 2182019 0108 | 000 | | - | $9.74 | $134.42 |
| 01/10/19 | 051 | CANTEEN SALES | 2182019 0109 | 000 | | - | $4.48 | $129.94 |
| 01/10/19 | 155 | PROCESSING FEE | WEEKLY DRAW | 000 | | - | $0.35 | $129.59 |
| 01/11/19 | 051 | CANTEEN SALES | 2182019 0110 | 000 | | - | $38.43 | $91.16 |
| 01/14/19 | 051 | CANTEEN SALES | 2182019 0115 | 000 | | - | $7.52 | $83.64 |
| 01/16/19 | 051 | CANTEEN SALES | 2182019 0116 | 000 | | - | $15.69 | $67.95 |
| 01/17/19 | 051 | CANTEEN SALES | 2182019 0117 | 000 | | - | $16.50 | $51.45 |
| 01/18/19 | 051 | CANTEEN SALES | 2182019 0118 | 000 | | - | $8.60 | $42.85 |
| 01/20/19 | 051 | CANTEEN SALES | 2182019 0119 | 000 | | - | $0.87 | $41.98 |
| 01/21/19 | 051 | CANTEEN SALES | 2182019 0120 | 000 | | - | $0.87 | $41.11 |
| 01/22/19 | 051 | CANTEEN SALES | 2182019 0121 | 000 | | - | $6.70 | $34.41 |
| 01/23/19 | 240 | MEDICAL CO-PAY | 0117190 0121 | 011719081SSC | | - | $0.00 | $34.41 |
| - | | LIEN CREATED | - 01/23/2019 | 011719081SSC | | | | $0.00 |
| 01/24/19 | 051 | CANTEEN SALES | 2182019 0123 | 000 | | - | $23.61 | $10.80 |
| 01/26/19 | 051 | CANTEEN SALES | 2182019 0125 | 000 | | - | $10.80 | $0.00 |
| 01/28/19 | 051 | PROCESSING FEE | WEEKLY DRAW | 000 | | - | $0.00 | $0.00 |
| 01/28/19 | 149 | PROCESSING FEE | WEEKLY DRAW | 20190128 | | - | $0.42 | $0.00 |
| - | | LIEN CREATED | - 01/28/2019 | 20190128 | | | | $0.00 |
| | | | | | ENDING BALANCE 01/31/19 | | | $0.00 |

| LIEN DATE | TYPE OF LIEN | LIEN FACT | AMOUNT OF LIEN | AMOUNT STILL OWED |
|---|---|---|---|---|
| 01/23/19 | MEDICAL CO-PAYMENT | 000 | $5.00 | $5.00 |
| 01/28/19 | PROCESSING FEE | 000 | $0.42 | $0.42 |

Exhibit 5

IBSR140 (74)

FLORIDA DEPARTMENT OF CORRECTIONS
TRUST FUND ACCOUNT STATEMENT
FACILITY: 224 - TAYLOR ANNEX
FOR: 02/01/2019 - 02/28/2019

03/01/19
07:50:01
PAGE 731

ACCT NAME: MOUNTJOY, RODNEY C.
BED: M1143S
PO BOX:

ACCT#: X76480
TYPE: INMATE TRUST

| POSTED DATE | NBR | TYPE | REFERENCE NUMBER | FAC | REMITTER/PAYEE | +/- | AMOUNT | BALANCE |
|---|---|---|---|---|---|---|---|---|
| | | | | | BEGINNING BALANCE 02/01/19 | | | $0.00 |
| 02/01/19 | 213 | JPAY DEPOSIT | 96465190 | 000 | CONNER, JEANETTE C. | + | $175.00 | $175.00 |
| 02/01/19 | 214 | LIEN PAYMENT | 02011921346Z | 000 | | - | $0.42 | $174.58 |
| 02/01/19 | 214 | PROCESSING FEE | - 01/28/2019 | 20190128 | | - | | |
| 02/02/19 | 211 | LIEN PAYMENT | 02011921346Z | | | - | $5.00 | $169.58 |
| | | MEDICAL CO-PAY | - 01/23/2019 | | | | | |
| 02/02/19 | 211 | JPAY MEDIA W/D | 000047146652 | 01171908155C | | - | $60.00 | $109.58 |
| 02/03/19 | 051 | CANTEEN SALES | 2182019020Z | 000 | | - | $26.78 | $82.80 |
| 02/04/19 | 051 | CANTEEN SALES | 21820190203 | 000 | | - | $3.61 | $79.19 |
| 02/04/19 | 153 | PROCESSING FEE | WEEKLY DRAW | 000 | | - | $0.30 | $78.89 |
| 02/06/19 | 051 | CANTEEN SALES | 21820190205 | 000 | | - | $20.29 | $58.60 |
| 02/07/19 | 051 | CANTEEN SALES | 21820190206 | 000 | | - | $4.35 | $54.25 |
| 02/08/19 | 051 | CANTEEN SALES | 21820190207 | 000 | | - | $7.52 | $46.73 |
| 02/10/19 | 051 | CANTEEN SALES | 21820190209 | 000 | | - | $14.12 | $32.61 |
| 02/11/19 | 153 | PROCESSING FEE | WEEKLY DRAW | 000 | | - | $0.46 | $32.15 |
| 02/13/19 | 051 | CANTEEN SALES | 2182019021Z | 000 | | - | $7.85 | $24.30 |
| 02/16/19 | 049 | CANTEEN SALES | 21820190215 | 000 | | - | $19.65 | $4.65 |
| 02/18/19 | 151 | PROCESSING FEE | WEEKLY DRAW | 000 | | - | $0.28 | $4.37 |
| 02/23/19 | 051 | CANTEEN SALES | 21820190222 | 000 | | - | $4.37 | $0.00 |
| 02/25/19 | 153 | PROCESSING FEE | WEEKLY DRAW | 000 | | - | $0.00 | $0.00 |
| 02/25/19 | | LIEN CREATED | - 02/25/2019 | 20190225 | | - | | |
| 02/26/19 | 267 | JPAY DEPOSIT | 97578839 | 000 | CONNER, JEANETTE C. | + | $175.00 | $175.00 |
| 02/26/19 | 268 | LIEN PAYMENT | 022619267721Z | 000 | | - | $0.04 | $174.96 |
| 02/26/19 | 268 | PROCESSING FEE | - 02/25/2019 | 20190225 | | - | | |
| 02/27/19 | 314 | JPAY MEDIA W/D | 000048262199 | 000 | | - | $25.00 | $149.96 |
| | | | | | ENDING BALANCE 02/28/19 | | | $149.96 |

Exhibit ref 5

Exhibit 6

IESR140 (74)

```
                                        FLORIDA DEPARTMENT OF CORRECTIONS              10/01/19
                                          TRUST FUND ACCOUNT STATEMENT                 08:33:44
                                        FACILITY: 106 - CENTURY C.I.                   PAGE   546
                                            FOR: 09/01/2019 - 09/30/2019
```

ACCT NAME: MOUNTJOY, RODNEY C.
BED: E1101S
PO BOX:

ACCT#: X76480
TYPE: INMATE TRUST

| POSTED DATE | NBR | TYPE | REFERENCE NUMBER | FAC | REMITTER/PAYEE | +/- | AMOUNT | BALANCE |
|---|---|---|---|---|---|---|---|---|
| | | | | | BEGINNING BALANCE 09/01/19 | | | $260.56 |
| 09/07/19 | 051 | CANTEEN SALES | 21820190906 | 000 | | - | $18.11 | $242.45 |
| 09/08/19 | 115 | JPAY DEPOSIT | 105584903 | 000 | CONNER, JEANETTE C. | + | $200.00 | $442.45 |
| 09/09/19 | 155 | PROCESSING FEE | WEEKLY DRAW | 000 | | - | $0.18 | $442.27 |
| 09/13/19 | 011 | CANTEEN SALES | 10620190912 | 000 | | - | $21.35 | $420.92 |
| 09/16/19 | 011 | CANTEEN SALES | 10620190915 | 000 | | - | $11.61 | $409.31 |
| 09/16/19 | 151 | PROCESSING FEE | WEEKLY DRAW | 000 | | - | $0.33 | $408.98 |
| 09/19/19 | 296 | MEDICAL CO-PAY | 09131909155C | 000 | | - | $5.00 | $403.98 |
| 09/19/19 | 011 | CANTEEN SALES | 10620190919 | 000 | | - | $20.03 | $383.95 |
| 09/20/19 | 151 | PROCESSING FEE | WEEKLY DRAW | 000 | | - | $0.20 | $383.75 |
| 09/23/19 | 220 | MEDICAL BILLS W | 09/20/19 | 000 | | - | $4.50 | $379.25 |
| 09/25/19 | 011 | CANTEEN SALES | 10620190924 | 000 | | - | $21.79 | $357.46 |
| 09/27/19 | 011 | CANTEEN SALES | 10620190926 | 000 | | - | $18.83 | $338.63 |
| 09/30/19 | 149 | PROCESSING FEE | WEEKLY DRAW | 000 | | - | $0.41 | $338.22 |

ENDING BALANCE 09/30/19                    $338.22

Exhibit 6

Exhibit #11

# FDLE

| | | |
|---|---|---|
| Florida Department of Law Enforcement | **Orlando Regional Operations Center**<br>500 W. Robinson St.<br>Orlando, Florida 32801-1771<br>1-800-226-8521<br>www.fdle.state.fl.us | Charlie Crist, Governor<br>Bill McCollum, Attorney General<br>Alex Sink, Chief Financial Officer<br>Charles H. Bronson, Commissioner of<br>Agriculture |
| Gerald M. Bailey<br>Commissioner | | |

## LABORATORY REPORT
November 15, 2010

TO:      Chief Fran Iwanski
         Kissimmee Police Department
         8 North Stewart Street
         Kissimmee, FL 34741-5463

ATTN:    Thompson

FDLE NUMBER:      20100509396
SUBMISSION:       2
AGENCY NUMBER:    0110009468

SUBPOENAS PERTAINING TO THIS CASE
SHOULD REFER TO THE FDLE NUMBER.

SUBJECT(S):   Rodney Mountjoy

OFFENSE(S):   Drug Offenses
              Osceola County
              10/12/2010

*Emily Boyd*
Crime Laboratory Analyst
Chemistry Section

---

**REFERENCE:**

This report is in reference to the following evidence submitted to the Florida Department of Law Enforcement on October 27, 2010 by A. Simmons. This report may contain conclusions, opinions, and/or interpretations made by the author.

**EVIDENCE:**

| FDLE<br>Item# | Agency<br>Exhibit# | Description |
|---|---|---|
| 3 | Q3 | Unknown tablets |

**RESULTS:**

| | | |
|---|---|---|
| 3 | Q3 | Hydrocodone. 42.1 grams. (Analyzed one (1) tablet; reported weight reflects all tablets.) |

**REMARKS:**

Questions regarding this report should be addressed to: emilyboyd@fdle.state.fl.us.

*Service · Integrity · Respect · Quality*

/5

Exhibit E ref. 1 to 11
Rule 7 (a) destination (1) (a)
complaint medical records
11th U.S. Northern District court
of Florida

file no.

# FLORIDA DEPARTMENT OF CORRECTIONS
## Chronological Record of Health Care

**Allergies:**

**DATE/TIME**

5/9/19
1110

INFORMAL GRIEVANCE #: 218-1905-0034
RECORD REVIEWED: eye dctr
ISSUE ADDRESSED: access slc
DENIED / APPROVED:
RETURNED:

F. Denmark
Health Services Administrator
Taylor Correctional Institution

5/23/19
1527

FORMAL GRIEVANCE #: 1905-218-114
RECORD REVIEWED: unclear what pt
ISSUE ADDRESSED: is grieving.
DENIED / APPROVED:
RETURNED:

F. Denmark
Health Services Administrator
Taylor Correctional Institution

**Inmate Name** Mautray, Rodney
**DC#** X76480  **Race/Sex** WM
**Date of Birth** 1-18-66
**Institution** Taylor CI

S- Subjective Data
O- Objective Data
A- Assessment of S and O Data
P- Plan
E-Education

DC4-701 (Effective 4/8/10)    Incorporated by Reference in Rule 33-602.210

Exhibit E Page 2

**FLORIDA DEPARTMENT OF CORRECTIONS**
**Chronological Record of Health Care**

Allergies: Sulfa, Neurontin

| DATE/TIME | |
|---|---|
| 5.4.18 1110 | IE: Inmate Seen in Sickcall See form DC4-683(2) _____ B. Smith LPN Taylor C.I |

| 5/14/18 1145 | INFORMAL GRIEVANCE #: 224-1805-0047 RECORD REVIEWED: Contact stuck in eye, sinus issues ISSUE ADDRESSED: DENIED/APPROVED: Seen by opto. Ø foreign body noted, RETURNED: Access SIC F. Denmark Health Services Administrator Taylor Correctional Institution |

| 6-4-18 1330 | S "I Have a contact stuck in my ℞ Eye and my Ear Hurts" O vls 115/74, 98.0, 98%, 68, 16 No contact visible in ℞ Eye, Ø Reddness noted To Eye, Ø Edema noted, Ears are Blocked with wax membrain not visable at This Time A- No foiren Body noted in Eye P- Ear wax Treatment Drops Given out of sick call stock, f/u ē Ear flush Return To Provider E- sick call PRN _____ A. White, LPN Taylor C.I. J. Burleson, RN Taylor C.I. |

Inmate Name Mountjoy Rodney
DC# X76480    Race/Sex WM
Date of Birth 11-18-1964
Institution TAYLOR ANNEX

S- Subjective Data
O- Objective Data
A- Assessment of S and O Data
P- Plan
E-Education

**FLORIDA DEPARTMENT OF CORRECTIONS**
## Chronological Record of Health Care

Allergies: Sulfa drugs

Exhibit E ref. 3

| DATE/TIME | |
|---|---|
| 7/3/18 1410 | **INFORMAL GRIEVANCE #:** 224-1806-0173 <br> **RECORD REVIEWED:** <br> **ISSUE ADDRESSED:** Mult. issues <br> **DENIED / APPROVED:** access SIC <br> **RETURNED:** <br><br> F. Denmark <br> Health Services Administrator <br> Taylor Correctional Institution |
| 7/9/18 1620 | **INFORMAL GRIEVANCE #:** 224-1807-0021 <br> **RECORD REVIEWED:** <br> **ISSUE ADDRESSED:** Copay <br> **DENIED / APPROVED:** attach trust fund summary <br> **RETURNED:** <br><br> F. Denmark <br> Health Services Administrator <br> Taylor Correctional Institution |
| 7/12/18 1121 | **INFORMAL GRIEVANCE #:** 224-1807-0024 <br> **RECORD REVIEWED:** <br> **ISSUE ADDRESSED:** units lab testing <br> **DENIED / APPROVED:** access SIC <br> **RETURNED:** <br><br> F. Denmark <br> Health Services Administrator <br> Taylor Correctional Institution |
| 7/12/18 1400 | Refused MH service. <br><br> J. Clinger, LMHC <br> Mental Health Professional <br> Wakulla C.I. |

Inmate Name  Mountjoy Rodney
DC#  X76480          Race/Sex  wm
Date of Birth  11-18-1966
Institution ___ TAYLOR ANNEX _____

S- Subjective Data
O- Objective Data
A- Assessment of S and O Data
P- Plan
E-Education

Exhibit Ex. 4

# FLORIDA DEPARTMENT OF CORRECTIONS
## Chronological Record of Health Care

Allergies: Sulfa, Neuroton

| DATE/TIME | |
|---|---|
| 12/14/18 1020 | INCIDENTAL NOTE:<br>INMATE REQUEST REC'D: 12/18/18    re: Medical Issue/SC<br>ANSWERED:<br>M. Dennis, RN<br>Director of Nursing<br>Taylor CI |
| 1-17-19 @ 8²⁰ | I/m declared EMID for Clo rash and sore throat. See form 685 DCH 683W.— B Dickenson LPN<br>B. _____ LPN |
| | A DENIED/APPROVED<br>P<br>O RECORD REVIEWED<br>S FORMAL GRIEVANCE        CW 1/18/19<br>Error. |
| 1/18/19 1516 | S FORMAL GRIEVANCE<br>O RECORD REVIEWED        1901-218-065<br>A                                            TX<br>P DENIED/APPROVED<br>Already answered on<br>224-1812-0216   224-1812-0224<br>284-1812-0078<br>_____ T. Denmark<br>Health Services Administrator<br>Taylor Correctional Institution |

Inmate Name Mountjoy Rodney
DC# X76480 Race/Sex W/M
Date of Birth 11/18/60
Institution _____

S- Subjective Data
O- Objective Data
A- Assessment of S and O Data
P- Plan
E-Education

1-1-19

These symptoms have been an issue going on seven month and are as followed. The swelling of the left anckle with destinction of the veins and periodic brusing. These symptoms will move to the right anckle. Then to the right wrist and back to left wrist. This will occur when I eat at the chow-hall. When I stop eatting the symptoms will stop, or when I eat sealed foods that are not exsposed to the chow-hall I will return to normal. But now for the past two months these symptoms have been followed by a sore throat and a rash that looks like a heat rash that is displayed on the back of my neck, behind the ears, back, and some of the chest. I have had a contact stuck in my right eye for two years. This may be attributed to this as well as an allergic reaction to something that has been placed into the food. Medical has seen me six times for the contact and four for the swelling of the joints and they claim there is nothing wrong but yet, I cannot walk, go figure.

Signed,
*Rodney Curtis Mumford*

Exhibit E/e.5

( Affidavit )

I Robert Paul Ochala Inmate 104556, I am wrighting this for mount Joy when I first met mount Joy he was comming out of confinment for what I dont Know but he was moved in bunk 43 single Im in 44 single I to noticed he would limp on his right side one day and the left the next day he's at the officer station all day long asking for pain meds and they say there out most of the time it seems he has some Kind of real problum walking, on top of that he Keeps rubbing his right eye all day long says he cant see well he use's two pair of eye glasses Just to right a letter home or do legal work it does seem that medical will do nothing for him because its now 6 months now and he's still the same as when I First met him those 6 months ago I would say they dont care about helping him for some reason but one thing for shure if he Keeps getting worse he might not go home to his family and Kids and no body should be treated that way.

Oct. 14, 2018

Robert Paul Ochala

**FOR LEGAL USE ONLY**
Any other use of this paper will result in disciplinary action per FAC 33-601.314 (7-4)

Exhibit E of 2

Jun. 1st, 2019

To whom it may concern,

My name is Martan Harris. I've been here at Taylor C.I.-Annex, since March 12, 2018.

I want to say a few words in Mr. Tra Mountjoy's behalf. We are in the same dorm together (M-1). I had witnessed (Mr. Mountjoy) walking to the chow-hall and back. What a sight to see. Anyone could tell he was in extreme pain. It hurt just to watch him. He hobbled on the side of his foot, sideways from his body. A very strange sight to see. I couldn't believe he wasn't in a wheel-chair or at least on crutches. I hate to admit, that I kept my distance, from Mr. Mountjoy, not understanding his plight. It took me quite some time before I even spoke to him. I've come to learn that Craig is an honest, upstanding, decent person; well respected through out the dorm. Craig has offered me good sound advice, which I accepted gratefully. He's been a good friend and someone I can trust. I know he has had some tough breaks. He deserves so much much better. He's a very good person and it's been a pleasure knowing him. I wish Mr. Mountjoy all the best. God bless him and may God bless you.

Sincerely,
Martan R. Harris
Martan R. Harris

10

sician. At the age of 52, she entered a hospital because of malaise (general ill feeling), abnormal heartbeat, a skin rash all over her body, swelling around her eyes and in her legs, and recurrent fevers as high as 105°F. According to the medical report,[12] Mary had taken at least 40 tablets per day for 4 months of vitamins $B_1$, $B_2$, $B_6$, $B_{12}$, C, D and E, along with folic acid, pantothenic acid, copper, magnesium, calcium phosphate and carbonate, alfalfa, biotin and lecithin.

Tests done during Mary's hospital stay revealed a widespread inflammation of her blood vessels. Her heart was inflamed, her lungs contained abnormal amounts of fluid, and her kidney function was below normal as a result of inflammation of its arteries (necrotizing arteritis). Thinking that Mary's trouble might be a sensitivity reaction to something, the doctors persuaded her to stop taking the various vitamins, minerals and other "food supplements" and treated her with two anti-inflammatory drugs. Mary gradually improved and appeared to be completely recovered after four months of treatment.

What caused Mary's temporary but almost fatal illness? In this case, the doctors could not be absolutely certain. Hypersensitivity to drugs is known to cause allergic inflammation of the blood vessels, and Mary was taking no other drug substances except the "vitamin" preparations. The medical report concluded that, although Mary's difficulty could have resulted from an undiscovered and unrelated cause, "it is possible that vitamin abuse led to vasculitis (blood vessel inflammation) in this patient. As megavitamin 'therapy' is common, we hope this description will stimulate the reporting of similar cases."

Cases of individuals clearly harmed by megavitamin therapy are described throughout this book.

**References**

1. Marks, N.: We Must Keep Those TV Commercials From Harming Our Children. Today's Health, Aug. 1972, pp. 9-10.
2. Bulletin, National Clearinghouse for Poison Control Centers, Aug. 1981. U.S. Dept. of H.H.S. (formerly H.E.W.).
3. Medical World News: Popular Health Books Face Legal Hurdles, July 23, 1979, p. 40.
4. Wetli, C. V.: Letter to FDA Commissioner Donald Kennedy, Ph.D., April 25, 1978.
5. Portley, P.: Letter dated Dec. 9, 1981.
6. Stare, F. and Whelan, E.: Panic in the Pantry. New York, Atheneum, 1977, p. 100.
7. Journal of the American Dietetic Association 66:277, 1975.
8. FDA Consumer: Nutrition Group Warns on Vitamin Overuse, April, 1978, p. 3.

**FINAL REPORT**

## BioReference
### LABORATORIES

*RMC*

*Exhibit E ref 9*

| | | |
|---|---|---|
| **D O C T O R** | BUCARELLI, ANA<br>CORNEW TAYLOR<br>8501 HAMPTON SPRINGS RD<br>Perry, FL 32348<br>Acct #: (F7098-0) RTG<br>P: (850) 838-4074 | |

| **P A T I E N T** | MOUNTJOY, RODNEY<br>DOB:11/18/1966 Age:46 Y Sex:M<br>ID: X76480<br>Address:<br>FL<br>P: |
|---|---|

| **S A M P L E** | Specimen ID: 107743513<br>Date Of Report: 10/31/2013<br>Date Collected: 10/30/2013<br>Time Collected: 11:00<br>Date Received: 10/30/2013<br>Time Received: 23:48 |
|---|---|

## CLINICAL REPORT

### Clinical Abnormalities Summary: (May not contain all abnormal results; narrative results may not have abnormal flags. Please review entire report.)

| | | | | | |
|---|---|---|---|---|---|
| Glucose | 137 HI | Uric Acid | 9.2 HI | LD | 133 LO |
| Triglycerides | 325 HI | HDL CHOL., DIRECT | 28 LO | VLDL, CALCULATED | 65 HI |
| PT | 10.2 LO | INTR.NORM.RATIO<br>(INR) | 0.90 LO | | |

### CHEMISTRY

| Test | Result | Abnormal | Reference | Units | Previous Result | Date |
|---|---|---|---|---|---|---|
| Total Protein | 7.3 | | 5.9-8.4 | g/dL | | |
| Albumin | 4.7 | | 3.5-5.2 | g/dL | | |
| Globulin | 2.6 | | 1.7-3.7 | g/dL | | |
| A/G Ratio | 1.8 | | 1.1-2.9 | | | |
| Glucose | | 137 HI | 70-99 | mg/dL | | |
| Sodium | 141 | | 133-145 | mmol/L | | |
| Potassium | 3.8 | | 3.3-5.3 | mmol/L | | |
| Chloride | 99 | | 96-108 | mmol/L | | |
| CO2 | 29 | | 22-29 | mmol/L | | |
| BUN | 12 | | 6-20 | mg/dL | | |
| Creatinine | 0.92 | | 0.90-1.30 | mg/dL | | |
| e-GFR | 89 | | >60 | mL/min | | |
| e-GFR, African American | 108 | | >60 | mL/min | | |
| BUN/Creat Ratio | 13.0 | | 10.0-28.0 | | | |
| Calcium | 9.8 | | 8.6-10.2 | mg/dL | | |
| Uric Acid | | 9.2 HI | 3.4-8.5 | mg/dL | | |
| Iron | 51 | | 45-160 | ug/dL | | |
| Bilirubin, Total | 0.3 | | 0.1-1.0 | mg/dL | | |
| LD | | 133 LO | 135-225 | U/L | | |
| Alk Phos | 77 | | 40-156 | U/L | | |
| AST | 18 | | <40 | U/L | | |
| Phosphorus | 4.2 | | 2.7-4.5 | mg/dL | | |
| ALT | 24 | | <41 | U/L | | |
| GGTP | 21 | | 10-71 | U/L | | |

### CARDIOVASCULAR/LIPIDS

| Test | Result | Abnormal | Reference | Units | Previous Result | Date |
|---|---|---|---|---|---|---|
| Cholesterol | 176 | | <200 | mg/dL | | |
| Triglycerides | | 325 HI | <150 | mg/dL | | |
| HDL CHOL., DIRECT | | 28 LO | >40 | mg/dL | | |
| HDL as % of Cholesterol | 16 | | >14 | % | | |
| Evaluation: AVERAGE RISK | | | | | | |
| Chol/HDL Ratio | 6.3 | | <7.4 | | | |
| Evaluation: AVERAGE RISK | | | | | | |
| LDL/HDL Ratio | 2.96 | | <3.56 | | | |
| LDL Cholesterol | 83 | | <100 | mg/dL | | |

BioReference Laboratories, Inc.
481 Edward H. Ross Dr | Elmwood Park, NJ 07407 | (800) 229-5227

James Weisberger, M.D.
Laboratory Director

Clinical Page 1 of 2
Printed 10/31/13 07:09 AM

**BioReference**
LABORATORIES

**FINAL REPORT**

| D O C T O R | BUCARELLI, ANA<br>CORNEW TAYLOR<br>8501 HAMPTON SPRINGS RD<br>Perry, FL 32348<br>Acct #:    (F7098-0)    RTG<br>P: (850) 838-4074 | P A T I E N T | MOUNTJOY, RODNEY<br>DOB:11/18/1966 Age:46 Y Sex:M<br>ID:    X76480<br>Address:<br>FL<br>P: | S A M P L E | Specimen ID: 107743513<br>Date Of Report: 10/31/2013<br>Date Collected: 10/30/2013<br>Time Collected: 11:00<br>Date Received: 10/30/2013<br>Time Received: 23:48 |

## CLINICAL REPORT

| Test | Result | Abnormal | Reference | Units | Previous Result | Date |
|------|--------|----------|-----------|-------|-----------------|------|
| VLDL, CALCULATED | 65 HI | | 7-32 | mg/dL | | |

### HEMATOLOGY

| Test | Result | Abnormal | Reference | Units | Previous Result | Date |
|------|--------|----------|-----------|-------|-----------------|------|
| WBC | 7.23 | | 3.40-11.80 | x10(3)/uL | | |
| RBC | 5.27 | | 4.20-5.90 | x10(6)/uL | | |
| HGB | 14.3 | | 12.3-17.0 | gm/dL | | |
| HCT | 42.7 | | 39.3-52.5 | % | | |
| MCV | 81.0 | | 80.0-100.0 | fL | | |
| MCH | 27.1 | | 25.0-34.1 | pg | | |
| MCHC | 33.5 | | 29.0-35.0 | gm/dL | | |
| RDW | 14.2 | | 10.9-16.9 | % | | |
| POLYS | 53.9 | | 36.0-78.0 | % | | |
| LYMPHS | 35.3 | | 12.0-48.0 | % | | |
| MONOS | 7.7 | | 0.0-13.0 | % | | |
| EOS | 2.1 | | 0.0-8.0 | % | | |
| BASOS | 0.6 | | 0.0-2.0 | % | | |
| IMMATURE GRANULOCYTES | 0.4 | | 0.0-1.6 | % | | |
| PLATELET COUNT | 180 | | 144-400 | x10(3)/uL | | |
| MPV | 11.0 | | 8.2-11.9 | fL | | |
| PT | 10.2 LO | | 10.3-12.8 | sec | | |
| INTR.NORM.RATIO(INR) | 0.90 LO | | 2.00-3.00 | | | |
| PTT | 29.8 | | 23.6-31.6 | sec | | |

```
              CLINICAL INDICATIONS FOR INR USE
                                    REFERENCE RANGE
Prophylaxis or treatment of venous thrombosis,     2.00 - 3.00
systemic embolization, and pulmonary embolus. (therapeutic range)
High-risk patients with mechanical heart valves.   2.50 - 3.50
NOTE: INR values below 2.00 in patients on warfarin
      therapy would be considered sub-therapeutic
      for the above conditions.
      Normal subjects NOT treated with warfarin    0.87 - 1.19
```

```
NOTE: Specimen submitted is LIPEMIC. This may cause inaccurate results.
      Please resubmit a fasting specimen at your earliest convenience.
                        Final Report
```

DR. BUCARELLI,MD,CHO
TAYLOR,C.L.

BioReference Laboratories, Inc.
481 Edward H. Ross Dr | Elmwood Park, NJ 07407 | (800) 229-5227

James Weisberger, M.D.
Laboratory Director

Clinical Page 2 of 2
Printed 10/31/13  07:09 AM



Rodney Craig/Mountjoy X76480
Century C.I.
400 Tedder Rd.
Century, FL.
          32535

Mailed From A
State Corrections
Institution

UNITED STATES POSTAGE
PITNEY BOWES
$ 002.80⁰
02 1P
0000932257    MAR 06 2020
MAILED FROM ZIP CODE 32535

The 11th U.S. Court
111 North Adams St., Suite 322
Tallahassee, FL.
          32301-7717

PROVIDED TO
Century C.1

MAR 0 6 2020

FOR MAILING ____
RECEIVED BY ____